## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF SAVAGE INLAND MARINE, LLC, AS THE OWNER OF THE M/V SAVAGE VOYAGER AND BARGES SMS 30030 AND SMS 30035, PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NUMBER:<br><br>SECTION:<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |

### VERIFIED COMPLAINT IN LIMITATION

The Complaint of Savage Inland Marine, LLC ("Limitation Petitioner"), as owner of the M/V SAVAGE VOYAGER and Barges SMS 30030 and SMS 30035, in a civil and maritime cause of action for exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501, alleges upon information and belief as follows:

1.

This is a cause of admiralty and maritime jurisdiction under 28 U.S.C. § 1333, as hereinafter more fully appears, brought under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty & Maritime Claims.

2.

Venue is proper under Rule F(9) because the M/V SAVAGE VOYAGER and Barges SMS 30030 and SMS 30035 are within this district.

3.

At all times hereinafter mentioned, Limitation Petitioner was the owner of the M/V SAVAGE VOYAGER and Barges SMS 30030 and SMS 30035.

{N3931615.1}

4.

The M/V SAVAGE VOYAGER is a towing vessel built in 2014. At the time of the incident, her principal dimensions were 83.5 feet in length and 32 feet in breadth.

5.

Upon information and belief, Barge SMS 30030 is a tank barge of all welded steel construction, built in 2011 and 297.5 feet in length. Upon information and belief, Barge SMS 30035 is a tank barge of all welded steel construction, built in 2012 and 297.5 feet in length.

6.

Prior to and at all times hereinafter described, Limitation Petitioner exercised due diligence to make and to maintain the M/V SAVAGE VOYAGER and Barges SMS 30030 and SMS 30035 in all respects seaworthy; and at all times hereinafter described, the M/V SAVAGE VOYAGER and Barges SMS 30030 and SMS 30035 were, in fact, tight, staunch, strong, fully and properly equipped and manned, well and sufficiently fitted with suitable engines, machinery, gear, tackle, apparel, and appliances, and in all respects seaworthy and fit and proper for the service in which the M/V SAVAGE VOYAGER and Barges SMS 30030 and SMS 30035 were engaged.

7.

On June 6, 2019, the M/V SAVAGE VOYAGER with Barges SMS 30030 and SMS 30035 in tow was operating near Mississippi River Mile Marker 93 around New Orleans, Louisiana in the Parish of Orleans, within the jurisdiction of this Honorable Court.

8.

Upon information and belief, the Vessel was heading downriver on June 6, 2019 and was around Algiers Point when, as a result of an unavoidable and sudden severe weather incident that quickly and without warning passed through the Greater New Orleans area and along with a

passing upriver vessel, caused the Vessel to be maneuvered towards the left descending bank of the Mississippi River and allegedly allide with an abandoned dock and structure at Piety Street Wharf.

9.

This Limitation Petition is filed timely under Rule F(1) because it was filed within six months of Savage's first written notice of a potential claim, received via letter from the City of New Orleans dated August 9, 2019.

10.

Any and all injury, loss, destruction, and damage arising out of or related to the above-described incident was not caused or contributed to by any fault, negligence, or lack of due care on the part of the Limitation Petitioner or the M/V SAVAGE VOYAGER, Barge SMS 30030, and/or Barge SMS 30035, or any person in charge of the M/V SAVAGE VOYAGER, Barge SMS 30030, and/or Barge SMS 30035, or any person for whom Limitation Petitioner was or is responsible.

11.

Besides the notice provided by the City of New Orleans, Limitation Petitioner is, as of this date, unaware of any other demands, suits, petitions, unsatisfied claims of liens, or liens against the M/V SAVAGE VOYAGER, Barge SMS 30030, and/or Barge SMS 30035 in connection with the incident made the subject of this Limitation Complaint.

12.

The Limitation Petitioner is entitled to exoneration and/or limitation under the circumstances.

13.

The incident, any physical damage, injuries, contingent losses as well as all other losses, damages, expenses, and costs resulting therefrom were caused and occurred without the privity or knowledge of Limitation Petitioner.

14.

Limitation Petitioner has a reasonable basis upon which to believe it is possible that claims have been and/or will be asserted and prosecuted against it in amounts exceeding the value of the M/V SAVAGE VOYAGER and Barges SMS 30030 and SMS 30035, along with their pending freight.

15.

The value of the Limitation Petitioner's interest in the M/V SAVAGE VOYAGER at the time of the incident was $4,475,000.00, and her pending freight was $0 at the time of the incident. The value of the Limitation Petitioner's interest in Barge SMS 30030 at the time of the incident was $1,875,000.00, and her pending freight was $0 at the time of the incident. The value of the Limitation Petitioner's interest in Barge SMS 30035 at the time of the incident was $2,825,000.00, and her pending freight was $0 at the time of the incident. Accordingly, the total value of Limitation Petitioner's interest in the M/V SAVAGE VOYAGER, Barge SMS 30030, Barge SMS 30035, and their pending freight is $9,175,000.00.

16.

In connection with this Limitation Complaint, Limitation Petitioner agrees to provide as security for the benefit of all potential claimants, a Stipulation of Value in the amount of $9,175,000.00, plus interest in the amount of 6% per annum from the date of said Stipulation, said sum reflecting its interest in the M/V SAVAGE VOYAGER and Barges SMS 30030 and SMS

30035, and their engines, gear, tackle, etc. and pending freight. Limitation Petitioner claims entitlement to a credit for any sums previously paid or incurred with respect to the incident.

17.

Should it later appear that Limitation Petitioner is or may be liable and that the amount or value of its interest in the M/V SAVAGE VOYAGER, Barge SMS 30030, Barge SMS 30035, and their pending freight, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, the General Maritime Law, and by the rules and practices of this Honorable Court.

18.

Limitation Petitioner claims exoneration from liability for any and all injuries, losses, or damages occurring as a result of the aforesaid incident and for any and all claims therefore, including but not limited to any potential claims asserted or to be asserted by the City of New Orleans against Savage for indemnity, contribution, or otherwise. Limitation Petitioner alleges that it has valid defenses thereto on the facts and on the law.

19.

Alternatively, Limitation Petitioner, without admitting but affirmatively denying all liability, claims the benefit of the limitation of liability provided for in 46 U.S.C. §§ 30501, *et seq.*, and the various statutes supplemental thereto and amendatory thereof. To that end, Limitation Petitioner deposits security for the benefit of potential claimants with this Honorable Court.

20.

All and singular the premises are true and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE**, Limitation Petitioner, Savage Inland Marine, LLC, prays that:

1. This Court issue an Order approving the Stipulation of Value deposited with the Court by Limitation Petitioner as security for the amounts of the value of Limitation Petitioner's interest in the M/V SAVAGE VOYAGER and Barges SMS 30030 and SMS 30035, and their engines, gear, tackle, and freight for the voyage and/or operation in question;

2. This Court issue a notice to all persons asserting claims with respect to which this Limitation Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Limitation Petitioner a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the attorneys for Limitation Petitioner an answer to this Limitation Complaint on or before the said date, unless his or her claim has included an answer, so designated;

3. This Court enjoin the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits, or proceedings, of any nature or description whatsoever in any jurisdiction against Limitation Petitioner and its underwriters, and/or against

the M/V SAVAGE VOYAGER and/or Barge SMS 30030 and/or Barge SMS 30035, or property of Limitation Petitioner except in this action, to recover damages for in respect of any loss, damage, or injury occasioned or incurred as a result of the aforesaid incident;

4. This Court adjudge that Limitation Petitioner, its employees, agent, representatives, and underwriters are not liable to any extent for any injuries, losses, or damages occurring as a result of the incident, or for any claim therefore in any way arising out of or resulting from the aforesaid incident;

5. The Court in this proceeding will adjudge that Limitation Petitioner and its underwriters are not liable to any extent for any injuries, losses, or damages occurring as a result of the incident, or for any claim whatsoever in any way arising from or in consequence of the aforesaid incident, or if Limitation Petitioner and its underwriters shall be adjudged liable, then that such liability be limited to the amount or value of Limitation Petitioner's interest in the Vessel and its pending freight, as aforesaid, at the end of the voyage on which it was engaged at the time of the incident, and that Limitation Petitioner and its underwriters be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid, or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging both Limitation Petitioner and its underwriters from all further liability; and

6. Limitation Petitioner may have such other, further or different relief as may be just in the circumstances.

This 5th day of December 2019.

                              Respectfully submitted:

                              */s/ Jefferson R. Tillery*
JEFFERSON R. TILLERY (#17831)
HANSFORD P. WOGAN (#34825)
JENNIFER A. DAVID (#37092)
SARA B. KUEBEL (#38305)
Jones Walker LLP
201 St. Charles Avenue, Suite 4800
New Orleans, LA 70170
Telephone: (504) 582-8000
Fax: (504) 582-8164
Email: jtillery@joneswalker.com
             fwogan@joneswalker.com
             jdavid@joneswalker.com
             skuebel@joneswalker.com

***Attorneys for Savage Inland Marine, LLC***